**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☐ _____ Original Plan
■ 7th _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)
☐ _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Byron Flores    JOINT DEBTOR: _____    CASE NO.: 20-15320-LMI
SS#: xxx-xx-0335         SS#: xxx-xx-_____

## I. NOTICES

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

**To Creditors:** Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

**To All Parties:** The plan contains no nonstandard provisions other than those set out in paragraph VIII. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ■ Not included |
| Nonstandard provisions, set out in Section VIII | ☐ Included | ■ Not included |

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A. MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $3,175.80 for months 1 to 60;

**B. DEBTOR(S)' ATTORNEY'S FEE:**    ☐ NONE    ☐ PRO BONO

| | | | | | |
|---|---|---|---|---|---|
| Total Fees: | $4650.00 | Total Paid: | $1190.00 | Balance Due: | $3460.00 |
| Payable | $346.00 | /month (Months | 1 | to | 10 ) |

Allowed fees under LR 2016-l(B)(2) are itemized below:
$4500 attorney's fee + $150 costs = $4650

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III. TREATMENT OF SECURED CLAIMS

**A. SECURED CLAIMS:** ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

1. Creditor: Phh Mortgage Services / U.S. BANK, N.A. [POC#4-1]

   Address: PO Box 5469- Mail Box 5469,
   Mt. Laurel, NJ 08054

   Last 4 Digits of Account No.: 0296

   | | | | |
   |---|---|---|---|
   | Arrearage/ Payoff on Petition Date | 32,404.97 | | |
   | Regular Payment (Maintain) | $1,420.14 | /month (Months 1 | to 60 ) |
   | Arrears Payment (Cure) | $276.75 | /month (Months 1 | to 10 ) |
   | Arrears Payment (Cure) | $592.75 | /month (Months 11 | to 60 ) |

   Other: _____

LF-31 (rev. 10/3/17)                                    Page 1 of 3

■ Real Property                          Check one below for Real Property:
　　■ Principal Residence                ■ Escrow is included in the regular payments
　　☐ Other Real Property                ☐ The debtor(s) will pay   ☐ taxes   ☐ insurance directly

Address of Collateral:
14035 NW 3rd Avenue, Miami, FL 33168

☐ Personal Property/Vehicle
Description of Collateral:

B. **VALUATION OF COLLATERAL:**   ■ NONE

C. **LIEN AVOIDANCE**   ■ NONE

D. **SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.

　　☐ NONE
　　■ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors.

　　☐ Other: _____

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | Exeter Finance, LLC | 4637 | 2019 Mazda CX-3 |

E. **DIRECT PAYMENTS:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.

　　☐ NONE
　　■ The debtor(s) elect to make payments directly to each secured creditor listed below. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | Bridgecrest Credit Company, LLC | 5201 | 2016 Kia Rio |

IV. **TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]

A. **ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:**   ■ NONE

B. **INTERNAL REVENUE SERVICE:**   ☐ NONE

| Total Due: | $48,919.88 | Total Payment | $48,919.88 |
|---|---|---|---|
| Payable: | $815.33 | /month (Months   1   to  60 ) | |

C. **DOMESTIC SUPPORT OBLIGATION(S):**   ■ NONE

D. **OTHER:**   ■ NONE

V. **TREATMENT OF UNSECURED NONPRIORITY CREDITORS**

　A. Pay   $30.00   /month (Months  11  to  60 )

　　Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

　B. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

　C. **SEPARATELY CLASSIFIED:**   ■ NONE

*Debtor(s) certify the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

Debtor(s): Byron Flores                                   Case number: 20-15320-LMI

**VI.** **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

- ☐ NONE
- ☒ Unless provided for under a separate section, the debtor(s) request that upon confirmation of this plan, the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors/lessors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Collateral | Acct. No. (Last 4 Digits) | Assume/Reject |
|---|---|---|---|---|
| 1. | ACAR Leasing LTD d/b/a GM Financial Leasing | 2016 GMC Acadia | 9079 | ☐ Assume ☒ Reject |

**VII.** **INCOME TAX RETURNS AND REFUNDS:** ☒ NONE

**VIII.** **NON-STANDARD PLAN PROVISIONS** ☒ NONE

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

_____ Debtor  _____         _____ Joint Debtor  _____
Byron Flores                        Date                                                                    Date

/s/ Robert Sanchez, Esq.        December 15, 2020
Attorney with permission to sign on            Date
Debtor(s)' behalf

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VIII.**